**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

JESUS ANTONIO MOLINA,
        *Defendant-Appellant.*

No. 09-10066

D.C. No.
4:08-cr-00480-FRZ-
JJM-1

OPINION

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Argued and Submitted
January 15, 2010—San Francisco, California

Filed March 8, 2010

Before: J. Clifford Wallace, Procter Hug, Jr. and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Hug

## COUNSEL

S. Jonathan Young, Williamson & Young, P.C., Tucson, Arizona, for the appellant.

Michael D. Logalbo, Assistant U.S. Attorney, Tucson, Arizona, for the appellee.

## OPINION

Hug, Circuit Judge:

Jesus Antonio Molina ("defendant") appeals the district court's admission of hearsay statements pursuant to a stipula-

tion and the denial of his request for an adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). On March 7, 2008, the defendant was arrested and charged with two counts of transporting illegal aliens for profit in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (B)(i). Two of the aliens transported by the defendant were caught and detained by the government as material witnesses in order to testify against the defendant.

On March 20, 2008, the government sent the defendant a plea agreement and a written stipulation. The plea agreement provided that the defendant agreed to plead guilty to transporting an illegal alien in violation of § 1324(a)(1)(A)(ii) and (B)(i). The stipulation focused on the two material witnesses being held by the government. A letter accompanying the plea agreement and stipulation stated that "[t]he purpose of the stipulation is to protect the government in the event your client accepts the plea offer and then changes their [sic] mind after the witness is released." The stipulation provided (1) that the two named witnesses were aliens who entered the United States illegally and were found in a car; (2) that the "government may elicit hearsay testimony from the arresting agents regarding any statements made by the above-referenced material witnesses contained in the disclosure, and such testimony shall be admitted as substantive evidence in any hearing or trial . . . ;" and (3) that "the parties jointly move for the release of the above-named material witnesses to the Department of Homeland Security for return to their country of origin."

On March 24, 2008, the defendant, his attorney, and the Assistant United States Attorney handling the case all signed the stipulation, and it was filed that day. The next day, the two alien material witnesses were released by the government. On April 11, 2008, the defendant signed the plea agreement.

On July 23, 2008, the district court sentenced the defendant to 24 months imprisonment. After this sentence was

announced, the defendant told the district court that he could not "do that much" and asserted a defense of duress, stating for the first time that he was forced to transport the illegal aliens because his life had been threatened. The district court stated that the defendant could have a coercion defense and vacated the plea agreement, guilty plea and sentence, and set the case for trial.

Prior to trial, the defendant moved to suppress the hearsay statements of the material witnesses who had been released. On October 16, 2008, the district court denied the motion, holding that the hearsay statements were admissible pursuant to the signed stipulation. The district court stated that the defendant had obtained the advice of counsel prior to signing the stipulation and that voiding the stipulation would mean that any defendant could enter such an agreement, back out of it, and have an advantage at trial due to the lack of witnesses. The district court stated that it would not be fair to the government, which had gone to the lengths of having a stipulation drawn up to cover that eventuality.

On October 22, 2008, the defendant was convicted by a jury of two counts of transporting an illegal alien in violation of § 1324(a)(1)(A)(ii) and (B)(ii). At sentencing, the district court declined to apply an adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), holding that the assertion of a duress defense undermined the defendant's claim of acceptance of responsibility. The district court then sentenced the defendant to 18 months imprisonment.

We review for abuse of discretion the district court's decision admitting the hearsay evidence of the material witnesses. *United States v. Orellana-Blanco*, 294 F.3d 1143, 1148 (9th Cir. 2002). We review for clear error the district court's denial of a sentencing adjustment for acceptance of responsibility. *United States v. Vance*, 62 F.3d 1152, 1157 (9th Cir. 1995). We affirm the district court's decision.

**[1]** The defendant argues that the district court erred by admitting the hearsay evidence pursuant to the stipulation because the stipulation was conditioned on the plea agreement and the plea agreement was vacated. We disagree. The test regarding the validity of a stipulation is voluntariness. This court has held that "[s]tipulations freely and voluntarily entered into in criminal trials are as binding and enforceable as those entered into in civil actions." *United States v. Technic Servs., Inc.*, 314 F.3d 1031, 1045 (9th Cir. 2002) (quoting *United States v. Gwaltney*, 790 F.2d 1378, 1386 (9th Cir. 1986)). "[S]tipulations serve both judicial economy and the convenience of the parties, [and] courts will enforce them absent indications of involuntary or uninformed consent." *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999). A "defendant who has stipulated to the admission of evidence cannot later complain about its admissibility" unless he can show that the stipulation was involuntary. *Technic Servs., Inc.*, 314 F.3d at 1045.

**[2]** In this case, there is no evidence that the stipulation was involuntary. The defendant had the advice of counsel prior to signing the stipulation and had several days to consider whether to sign the stipulation. The stipulation, entitled "Stipulation and Joint Motion for Release of Material Witnesses," clearly stated that the hearsay evidence of the material witnesses would be admissible in any hearing or trial in the defendant's matter. The government's letter accompanying the stipulation also clearly stated that the purpose of the stipulation was to allow the government to admit the evidence in the event that the defendant accepted the plea offer and later changed his mind after the witnesses had been released. Armed with this knowledge, the defendant later withdrew his guilty plea, having caused the change in circumstances himself. Based on all of the circumstances, there is no evidence that the stipulation was not voluntarily entered into by the defendant. Thus, because there is no evidence of involuntariness, the district court properly admitted the hearsay evidence

pursuant to the signed stipulation. *See id.*; *CDN Inc.*, 197 F.3d at 1258.

[3] The district court did not clearly err in denying the defendant a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a). After the district court announced the defendant's 24-month sentence, the defendant asserted a duress defense and essentially denied culpability for the offense. The defendant proceeded to trial where he asserted that he was not guilty of the offense because he only transported the illegal aliens after someone threatened to harm him unless he did so. The jury rejected the defendant's duress defense and he was sentenced to 18 months in prison, a shorter term than he had originally received. Although a duress defense may not always be inconsistent with accepting responsibility for the offense, *see United States v. Molina*, 934 F.2d 1440, 1451 (9th Cir. 1991) (noting that an entrapment defense was not in all cases incompatible with a reduction for acceptance of responsibility but affirming the denial of the reduction in that case), it was not clear error for the district court to deny this defendant a downward adjustment for acceptance of responsibility under § 3E1.1(a). *See United States v. Hall*, 952 F.2d 1170, 1171-72 (9th Cir. 1991) (holding that the defendant was not entitled to a downward adjustment for acceptance of responsibility because he confessed only in order to receive a lighter sentence). Moreover, the defendant offered inconsistent versions of the facts leading to his arrest. He told the probation officer preparing the presentence report that he picked up the aliens because he did not want to leave women and children stranded in the desert; he told the magistrate judge that he picked them up because someone was going to turn him in for a theft of drugs if he did not; and he told the district judge that he picked them up because he feared that criminals would hurt or kill him if he did not. Such conflicting stories weigh against a finding that he accepted responsibility for his actions. *See United States v. Smith*, 905 F.2d 1296, 1301-02 (9th Cir. 1990) (holding that the defendant was not entitled to a downward adjustment for

acceptance of responsibility because he told FBI agents that he committed the robbery and then minimized his own involvement when speaking with the probation officer).

**AFFIRMED**.