FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>JOSE CONTRERAS-RANGEL, AKA<br>Jose Antonio Contreras,<br><br>    Defendant - Appellant. | No. 09-10466<br><br>D.C. No. 2:08-cr-00520-JAT-1<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted February 14, 2011[**]
San Francisco, California

Before: SCHROEDER and THOMAS, Circuit Judges, and BENNETT, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Mark W. Bennett, District Judge for the U.S. District Court for Northern Iowa, Sioux City, sitting by designation.

Jose Contreras-Rangel appeals his criminal convictions for conspiring to harbor illegal aliens and harboring illegal aliens. We affirm. Because the parties are familiar with the history of this case, we need not recount it here.

Contreras-Rangel argues that the district court erred by admitting hearsay testimony and violating his rights under the Confrontation Clause. However, prior to trial, Contreras-Rangel and the government entered a joint stipulation allowing for the use of the testimony.

The district court did not abuse its discretion by admitting the third-party statement under the stipulation. Contreras-Rangel engaged in a lengthy colloquy with the magistrate judge where he made clear that he entered the Joint Stipulation voluntarily. *See United States v. Molina*, 596 F.3d 1166, 1169 (9th Cir. 2010) (holding that stipulations will be enforced unless one of the parties' consent was involuntary or uninformed). The plain language of the Joint Stipulation made the third-party statement admissible. As a result, the district court did not abuse its discretion by admitting the statement under the Joint Stipulation.

Nor did the district court violate Contreras-Rangel's confrontation rights. Contreras-Rangel knowingly and voluntarily waived his confrontation rights as to statements made by the material witnesses. If a defendant stipulates to the use of a statement against him, the defendant waives his right to confront the person

making the statement. *United States v. Gamba*, 541 F.3d 895, 900 (9th Cir. 2008) (citing *Wilson v. Gray*, 345 F.2d 282, 286 (9th Cir. 1965)).

**AFFIRMED.**