FILED

**NOT FOR PUBLICATION**

FEB 22 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50260 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00918-PA |
| v. | |
| GUILLERMO ERNEST VASQUEZ-CHAVEZ, a.k.a. Ernest Vasquez Chavez, a.k.a. Guillermo Ernesto Vasquez Chavez, a.k.a. Ernesto Guillermo Vasquez, a.k.a. Guillermo Ernesto Vasquez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Guillermo Ernest Vasquez-Chavez appeals from the 100-month sentence

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. Appellant. P. 34(a)(2).

imposed following his jury-trial conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate in part.

Vasquez-Chavez contends that the district court procedurally erred by failing to grant a two-point downward adjustment to his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. In light of the record before the district court, there was no clear error. *See United States v. Hopper*, 27 F.3d 378, 381-82 (9th Cir. 1994); *United States v. Molina*, 596 F.3d 1166, 1169-70 (9th Cir. 2010) ("[C]onflicting stories weigh against a finding that [defendant] accepted responsibility for his actions.").

Vasquez-Chavez also contends that the district court procedurally erred by failing to grant a downward departure under U.S.S.G. § 5K2.12. This contention is without merit, where the record shows that the district did not procedurally err and "any deviation from the applicable advisory guidelines range will be viewed as an exercise of the district court's post-*Booker* discretion and reviewed only for reasonableness." *See United States v. Mohamed*, 459 F.3d 979, 987 (9th Cir. 2006).

In his reply brief, Vasquez-Chavez contends that his sentence is substantively unreasonable. In light of the totality of the circumstances and the

section 3553(a) sentencing factors, the sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Franco-Lopez*, 312 F.3d 984, 993 n.6 (9th Cir. 2002) (though appellant cannot raise new issues in the reply brief, the court may consider the issue if it was addressed by the government in its brief).

Vasquez-Chavez further contends that the district court plainly erred in imposing as a condition of supervised release that he may not associate with "persons associated with the 18th Street gang." After sentencing, this court concluded that this proscription is impermissibly vague and entails a deprivation of liberty that is greater than necessary to achieve rehabilitative goals. *See United States v. Johnson*, 626 F.3d 1085, 1090-91 (9th Cir. 2010). We therefore vacate this portion of Vasquez-Chavez's sentence and remand to the district court to revise the sentence with the benefit of our holding in *Johnson*.

Finally, we decline to consider Vasquez-Chavez's request to have the case reassigned to a different judge on remand. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) ("Issues raised for the first time in the reply brief are waived.")

**AFFIRMED in part, VACATED in part and REMANDED.**

10-50260