**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50082 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-01255-JAH-1 |
| v. | |
| KEITH FRANCIS LAMB, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted April 13, 2012
Pasadena, California

Before: SILVERMAN and RAWLINSON, Circuit Judges, and TUNHEIM,
District Judge.**

Following his arrest for bringing in an illegal alien, appellant Keith Lamb

(Lamb) signed a stipulation that allowed for the release of the alien material

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

witness, but allowed the government to introduce hearsay statements of the witness should Lamb decide to go to trial, which Lamb subsequently did. The district court rejected Lamb's argument that he was permitted to introduce hearsay statements of the material witness. The district court also limited Lamb's questioning of a government witness regarding the nature of the witness's drug conviction. Lamb appeals these two rulings.

1.      Because the stipulation unambiguously allowed only the government to introduce the material witness's statements, the district court did not err in rejecting Lamb's argument to the contrary. *See United States v. Molina*, 596 F.3d 1166, 1169 (9th Cir. 2010) ("Stipulations freely and voluntarily entered into in criminal trials are as binding and enforceable as those entered into in civil actions. . . .") (citation and alteration omitted).

2.      The district court committed no plain error pursuant to Federal Rule of Evidence 804(b)(3). *See United States v. Jenkins*, 633 F.3d 788, 803 (9th Cir. 2011) (explaining that an argument that was not raised in the district court is reviewed for plain error).

**3.**     The district court did not abuse its discretion in excluding further questioning regarding the government witness's drug conviction. *See United States v. Waters*, 627 F.3d 345, 353 (9th Cir. 2010), *as amended* (explaining that it is entirely within the district court's discretion whether to exclude evidence).

**AFFIRMED.**