An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

STANFORD GREENLEE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62170

FILED

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction entered pursuant to a jury verdict of first-degree kidnapping, battery with the intent to commit a crime, and sexual assault. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

First, appellant Stanford Greenlee contends that insufficient evidence supports his conviction for first-degree kidnapping because the evidence of movement does not stand separate and apart from the sexual assault. We review the evidence in the light most favorable to the prosecution and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008). Here, the State presented evidence that the victim was very intoxicated when she left Drai's After Hours nightclub and entered Greenlee's taxi cab. She asked Greenlee to take her to the MGM, but Greenlee took her to a secluded, covered parking lot on East Sahara instead. Greenlee climbed on top of the victim, struck her when she tried to scream, and inserted his fingers into her vagina. We note that the jury was instructed on the requirements for dual convictions involving kidnapping, and we conclude that a rational

13-27668

juror could reasonably infer from the evidence that Greenlee substantially increased the victim's risk of harm by moving her to a secluded parking lot. *See Mendoza v. State*, 122 Nev. 267, 275, 130 P.3d 176, 181 (2006); *Hutchins v. State*, 110 Nev. 103, 108-09, 867 P.2d 1136, 1139-40 (1994) (the movement of a victim to more secure setting, for the purpose of committing a sexual assault, where the victim is less likely to be heard by a passerby, is sufficient to support a kidnapping conviction), *modified on other grounds by Mendoza*, 122 Nev. at 273-75, 130 P.3d at 180-81.

Second, Greenlee contends that the district court's dual-conviction instructions were erroneous because they did not include language from the sample instruction provided in *Mendoza* and failed to inform the jury that evidence of movement must be proven beyond a reasonable doubt to support dual convictions for kidnapping and sexual assault. Greenlee did not object to the instructions and we conclude that he has not demonstrated plain error. *See Berry v. State*, 125 Nev. 265, 282-83, 212 P.3d 1085, 1097 (2009) (instructions that are not preserved for appeal are reviewed for plain error), *abrogated on other grounds by State v. Castaneda*, 126 Nev. ___, 245 P.3d 550 (2010); *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (discussing plain-error review).

Third, Greenlee contends that the district court violated his Sixth Amendment confrontation rights by admitting hearsay evidence from a report that Sexual Assault Nurse Examiner (SANE) Marian Adams prepared during her examination of the victim. Our review of the record reveals that Adams passed away prior to Greenlee's trial, Greenlee affirmatively stipulated that SANE Jeri Dermanelian would be allowed to review Adams' report and testify in her stead, and Greenlee did not object to any of Dermanelian's testimony. We conclude that Greenlee waived

any Confrontation Clause challenge to this evidence when he stipulated to its admission. *See United States v. Molina*, 596 F.3d 1166, 1169 (9th Cir. 2010) (stipulations knowingly and voluntarily entered into during criminal trials will be enforced); *Wilson v. Gray*, 345 F.2d 282, 286 (9th Cir. 1965) ("It has been consistently held that the accused may waive his right to cross examination and confrontation and that the waiver of this right may be accomplished by the accused's counsel as a matter of trial tactics or strategy.").

Fourth, Greenlee contends that cumulative error deprived him of a fair trial. However, because Greenlee has failed to demonstrate any error, we conclude that he was not deprived of a fair trial due to cumulative error.

Having concluded that Greenlee is not entitled to relief, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. David B. Barker, District Judge
       Joel M. Mann, Chtd.
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk