**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MICHAEL QUIEL,<br><br>Defendant - Appellant. | No. 13-10503<br><br>D.C. No. 2:11-cr-02385-JAT-2<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>STEPHEN KERR,<br><br>Defendant - Appellant. | No. 13-10504<br><br>D.C. No. 2:11-cr-02385-JAT-1 |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued and Submitted December 10, 2014
San Francisco, California

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: O'SCANNLAIN, N.R. SMITH, and HURWITZ, Circuit Judges.

Michael Quiel and Stephen Kerr appeal their convictions for willfully making and subscribing false tax returns, in violation of 26 U.S.C. § 7206(1). Kerr also appeals his conviction for willfully failing to file foreign bank account reports ("FBARs"), in violation of 31 U.S.C. §§ 5314, 5322(a) and 31 C.F.R. §§ 1010.350, 1010.306(c)-(d). We affirm.

1. "We review de novo claims of insufficient evidence." *United States v. Chhun*, 744 F.3d 1110, 1117 (9th Cir.), *cert. denied*, 135 S. Ct. 131 (2014). We will uphold a conviction if, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The question of whether Defendants willfully failed to report income and file FBARs is one of fact for the jury. *See Rykoff v. United States*, 40 F.3d 305, 307-08 (9th Cir. 1994). The jury could have concluded that Kerr and Quiel knew they had a duty to report the income from their foreign accounts, because Christopher Rusch, their attorney and business partner, testified that the accounts were set up using nominees under Kerr's and Quiel's control in order to evade reporting requirements. Even without Rusch's testimony, the jury could have inferred

2

control because (a) the accounts were traded in Kerr's and Quiel's stock for their benefit; (b) the foreign firms never served their stated purpose of finding investors; and (c) these firms were not actual, functioning businesses. Additionally, even without Rusch's testimony, the jury could infer motive from Kerr's having recently paid high tax rates and Quiel's recent payment of a large tax penalty before either engaged in these transactions. With regard to Kerr's conviction for willful failure to file FBARs, the evidence was sufficient to convict him given the jury instructions, to which Kerr did not object.

2. The district court did not err by admitting Rusch's testimony. "The district court's conclusion concerning whether statements are protected by an individual attorney-client privilege is a mixed question of law and fact which this court reviews independently and without deference to the district court." *United States v. Richey*, 632 F.3d 559, 563 (9th Cir. 2011) (internal quotation marks omitted). Defendants waived the protection of the privilege by relying on an advice-of-counsel defense. *Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343, 353 (9th Cir. 2014) ("A party who affirmatively places its attorney-client communications at issue in a litigation implicitly waives the privilege.").

3. The district court did not violate Kerr's and Quiel's constitutional right to confront Rusch by imposing a blanket ban on recross examination. We review

"[w]hether limitations on the scope of questioning at trial constitute a violation of the confrontation clause . . . de novo." *United States v. Jones*, 982 F.2d 380, 383 (9th Cir. 1992). "Allowing recross is within the sound discretion of the trial court except where new matter is elicited on redirect examination, in which case denial of recross as to that new matter violates the Confrontation Clause." *United States v. Baker*, 10 F.3d 1374, 1404 (9th Cir. 1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000). Although the district court may have imposed a blanket ban on recross examination, this ban did not violate Kerr's and Quiel's constitutional right to recross Rusch regarding three new exhibits admitted on redirect, because the exhibits were not "new matter." The exhibits merely bolstered Rusch's prior testimony. *See United States v. Croft*, 124 F.3d 1109, 1121 (9th Cir. 1997). In any event, at Defendants' request, Rusch remained subject to the Government's subpoena after his testimony and the Defendants declined to recall him. *See United States v. Ross*, 33 F.3d 1507, 1518 (11th Cir. 1994).

We reject the Defendants' separate Confrontation Clause argument that the exhibits constituted testimonial hearsay from a declarant not subject to cross-examination. Defendants failed to object to the exhibits on the basis of the Confrontation Clause, and we find that the district court did not plainly err. *See*

4

*United States v. Olano*, 507 U.S. 725, 731-32 (1993).  The exhibits did not contain testimonial statements.  *See Crawford v. Washington*, 541 U.S. 36, 51-53 (2004).

4.    We review the district court's decision to allow extensive evidence of Defendants' business activities and to allow the Government to argue that Defendants' activities were fraudulent for plain error, because, although Kerr and Quiel contend that admission of this evidence violated Fed. R. Evid. 403 and 404(b), they failed to make contemporaneous objections to this evidence.  *United States v. Archdale*, 229 F.3d 861, 864-65 (9th Cir. 2000).  The district court did not plainly err, because the evidence was (a) intrinsic to the charged offenses; (b) more cumulative than prejudicial;  and (c) addressed by a limiting instruction.  Additionally, we conclude that the district court did not abuse its discretion by refusing to order a mistrial.  *See United States v. Guerrero*, 756 F.2d 1342, 1347-48 (9th Cir. 1984).

5.    To the extent Defendants challenge the Government's characterization of their business activities as fraud during closing, they have not shown that the prosecutor's statements "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Towery v. Shriro*, 641 F.3d 300, 310 (2010) (internal quotation marks omitted).

6.     On de novo review, we find that the district court did not err by refusing to order the Government to turn over a special agent's report or to disclose Quiel's individual tax master file. *See United States v. Si*, 343 F.3d 1116, 1122 (9th Cir. 2003). To warrant disclosure (1) "the evidence at issue must be favorable to the accused"; (2) "the evidence must have been suppressed by the State, either willfully or inadvertently"; and (3) "prejudice must result from the failure to disclose the evidence." *Benn v. Lambert*, 283 F.3d 1040, 1052-53 (9th Cir. 2002). Defendants failed to show that the evidence was clearly exculpatory and did not make the plausible showing of that fact required to warrant in camera inspection. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 58 n.15 (1987).

7.     The district court did not abuse its discretion by admitting evidence that Kerr filed FBARs in later years. Kerr stipulated to the admission of the FBARs and does not now claim that his stipulation was involuntary. *See United States v. Molina*, 596 F.3d 1166, 1169 (9th Cir. 2010). Further, the FBARs were not remedial measures under Fed. R. Evid. 407.

8.     The district court did not abuse its discretion by refusing to order a new trial after Defendants were acquitted of conspiracy, *see United States v. King*, 660 F.3d 1071, 1076 (9th Cir. 2011), because Defendants cannot identify evidence that was admitted against them solely because of the conspiracy charge.

**AFFIRMED**.