
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50179 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00322-WDK-2 |
| v. | |
| JEAN CRUMP, AKA Jean Johnson, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
William D. Keller, Senior District Judge, Presiding

Submitted January 5, 2015[**]
Pasadena, California

Before:  KOZINSKI, W. FLETCHER, and OWENS, Circuit Judges.

Jean Crump appeals her jury conviction for mail and wire fraud in connection with a scheme to defraud life insurance companies.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

First, Crump contends that the district court plainly erred by admitting evidence of a civil default judgment obtained by one of the defrauded insurance companies. However, Crump voluntarily stipulated to admission of that judgment. Assuming that Crump's stipulation did not waive her challenge to admission of the judgment, *see United States v. Molina*, 596 F.3d 1166, 1169 (9th Cir. 2010), there was no plain error because admission of the judgment did not cause substantial prejudice, *see United States v. Perez*, 116 F.3d 840, 846 (9th Cir. 1997) (en banc). The government's references to the judgment at trial were limited to testimony that Crump was served with the judgment and that it was related to two of the Davis life insurance policies. Furthermore, the judgment was entered on October 4, 2007, but Crump admitted that she was aware of the fraud as of June 2006. Therefore, admission of the judgment could not have "affected the outcome" of the trial. *United States v. Olano*, 507 U.S. 725, 734 (1993).

Second, Crump contends that the district court plainly erred by instructing the jury that the government was not required to prove that she knew her acts were unlawful. Crump waived her challenge to that jury instruction because she jointly proposed it, the basis for her challenge was already on the books, and the instruction itself cited a model instruction that necessarily alerted her to the objection she now makes. *United States v. Cain*, 130 F.3d 381, 383-84 (9th Cir.

13-50179

1997).  Even if Crump's challenge were not waived, there was no plain error because the challenged instruction was not clearly erroneous, *see Olano*, 507 U.S. at 734, and did not cause substantial prejudice, *see United States v. Krasn*, 614 F.2d 1229, 1235-36 (9th Cir. 1980).  The instruction was not clearly erroneous because no binding precedent holds that proof of knowledge of unlawfulness is necessary to establish mail or wire fraud.  *See* Ninth Circuit Model Criminal Jury Instructions 8.123 (mail fraud), 8.124 (wire fraud).  The instruction did not cause substantial prejudice because Crump admitted that she aided in covering up a crime, which no reasonable person could have thought to be lawful.  *See United States v. Awad*, 551 F.3d 930, 941 (9th Cir. 2009).

Third, Crump contends that the district court erred by refusing to give a multiple conspiracies jury instruction when she argued at trial that she participated in a scheme to cover up the fraud but not in the fraud itself.  Because Crump was tried alone, she was not entitled to a multiple conspiracies instruction.  *United States v. Chen Chiang Liu*, 631 F.3d 993, 1000 (9th Cir. 2011).  In addition, a multiple conspiracies instruction was not warranted because the cover-up was

related to the conspiracy that was charged. *See United States v. Mincoff*, 574 F.3d 1186, 1196 (9th Cir. 2009).[1]

**AFFIRMED.**

---

[1] We deny as moot the government's October 15, 2014 motion to lodge exhibits.