**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

FEB 16 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>**LASHAUN ROMAN NOSE**,<br><br>    Defendant - Appellant. | No. 12-30326<br><br>D.C. No. 2:11-cr-02086-EFS-2<br><br>**MEMORANDUM**[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, Senior District Judge, Presiding

Submitted February 2, 2016[**]
Seattle, Washington

Before:    **KOZINSKI**, **O'SCANNLAIN** and **GOULD**, Circuit Judges.

**1.** Roman Nose signed a pretrial stipulation indicating that he was "an Indian as that term is used in 18 United States Code 1153." Given that Roman Nose admitted he was an Indian as defined by the statute, a "rational trier of fact

------

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

could have found the [Indian status] element[] of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see 18 U.S.C. §§ 113(a)(7), 1153 (charged offenses); see also United States v. Gwaltney, 790 F.2d 1378, 1386 (9th Cir. 1986) (discussing stipulations in criminal trials). Roman Nose's challenge to the sufficiency of the government's evidence therefore fails. Accordingly, so too does his jurisdictional challenge. See United States v. Ratigan, 351 F.3d 957, 963–64 (9th Cir. 2003) (explaining that "the jurisdictional element of federal crimes does not present a pure question of the court's subject-matter jurisdiction" but rather one of sufficiency of the government's evidence).

**2.** Roman Nose has presented no evidence that the stipulation was not freely or voluntarily given. We reject his argument that "the stipulation itself provides a sufficient record to establish its involuntariness." In the absence of any facts suggesting that his admissions were coerced or involuntary, we cannot say that the introduction of the stipulation was erroneous. See United States v. Molina, 596 F.3d 1166, 1169 (9th Cir. 2010).

**3.** The district court did not abuse its discretion by admitting the coat hangers and television wires as physical evidence. See United States v. Edwards, 235 F.3d 1173, 1178–79 (9th Cir. 2000); Chavira Gonzales v. United States, 314

F.2d 750, 752 (9th Cir. 1963). At trial, one witness testified that Roman Nose beat the victim with hangers and wires, and another witness testified that the beatings occurred in the back bedroom of the house. An FBI agent testified that she discovered the hangers and wires in that bedroom. This testimony was sufficient to lay foundation for the exhibits, establish their relevance and demonstrate their probative value.

4.  The district court did not err by declining to instruct the jury on the crime of "Assault by Striking, Beating, or Wounding." This lesser offense is not included within the charged offense of "Assault Resulting in Substantial Bodily Injury" because it contains a conduct element that is not an element of the greater offense. See United States v. Johnson, 637 F.2d 1224, 1242 n.26 (9th Cir. 1980) (noting that "[a]ssault by striking, beating, or wounding . . . . contemplates some form of contact . . . which, strictly speaking, is not required of assault resulting in serious bodily injury"), abrogated on other grounds by Schmuck v. United States, 489 U.S. 705 (1989). For this reason, Roman Nose was not entitled to his proposed instruction on the lesser offense. See United States v. Rivera-Alonzo, 584 F.3d 829, 832–33 (9th Cir. 2009).

**5.** The sentence imposed by the district court was substantively reasonable. See United States v. Valdavinos-Torres, 704 F.3d 679, 692 (9th Cir. 2012). The fact that Perez received a lesser sentence for the same crime is of no moment. Perez had a smaller role in the beatings and, unlike Roman Nose, she accepted responsibility for her conduct. Moreover, the district judge paid adequate attention to various factors that may have mitigated Roman Nose's sentence. The district judge expressly acknowledged that Roman Nose had experienced a difficult childhood, but nonetheless concluded that the upward departure was justified by his abhorrent conduct in this case.

**AFFIRMED.**