
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10074 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-02208-JGZ-LAB-1 |
| v. | |
| SERGIO BECERRA-SANCHEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted May 10, 2016[**]
San Francisco, California

Before: McKEOWN and FRIEDLAND, Circuit Judges and LEFKOW,[***] Senior District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Joan Lefkow, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

Sergio Becerra-Sanchez appeals his conviction for Transportation of an Illegal Alien for Profit under 8 U.S.C. § 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court twice authorized funds under 18 U.S.C. § 3006A(e)(1) for Becerra-Sanchez's court-appointed counsel to retain an investigator to review the evidence and testify at the trial. The court denied additional funds for the investigator to remain at counsel table throughout the trial, finding that the defense counsel was an experienced attorney, it was not a complex case, and that consultation with the investigator could occur prior to trial. To show that the district court erred in denying the additional funds, "the defendant must establish: (1) that reasonably competent retained counsel would require such services for a client who could pay for them, and (2) that the lack of investigation prejudiced the defense. Prejudice must be shown by clear and convincing evidence." *Bonin v. Calderon*, 59 F.3d 815, 837 (9th Cir. 1995) (citations omitted). Becerra-Sanchez is unable to point to any concrete prejudice he suffered as a result of the denial of funds. Because Becerra-Sanchez failed to meet this burden, the district court did not abuse its discretion in denying the additional funds. *See United States v. Chase*, 499 F.3d 1061, 1066 (9th Cir. 2007) (reviewing denial of a request for investigative services under the Criminal Justice Act for abuse of discretion).

2

Becerra-Sanchez challenges the admissibility of hearsay statements within the videotaped deposition of a material witness—the woman he transported from the US-Mexico border and who had since been deported—because it contained hearsay statements. The district court found that the testimony was admissible "to explain the witness's actions and her state of mind" and put matters "in context." Such statements are admissible under Federal Rules of Evidence 803(3) and the district court did not abuse its discretion in determining that the material witness's statements fell within this hearsay exception. *See United States v. Molina*, 596 F.3d 1166, 1168 (9th Cir. 2010) (reviewing admission of hearsay evidence by a material witness for abuse of discretion). Because her testimony was properly admitted as hearsay, we need not reach Becerra-Sanchez's argument that, absent such testimony, there was insufficient evidence to support his conviction. We also note that defense counsel did not challenge the testimony on relevance grounds.

During closing argument, the government stated that the material witness "told you that she crawled through a hole in the border fence right in front of the defendant's car, and no one who sees someone crawl through a hole in the border fence could reasonably believe that a person is entering legally." Becerra-Sanchez sought a mistrial on the basis of this statement because there was no direct evidence establishing that he had actually seen the woman cross through the border

fence. The district court concluded that there was no prosecutorial misconduct, as the government drew reasonable inferences based on the evidence before the jury. *See United States v. Ruiz*, 710 F.3d 1077, 1083 (9th Cir. 2013) ("[T]he prosecution must have reasonable latitude to fashion closing arguments. Inherent in this latitude is the freedom to argue reasonable inferences based on the evidence." (citations omitted)). The material witness testified that she went through a hole in the fence and that Becerra-Sanchez's car was fifteen-to-twenty feet from the border line facing her when she first came out of the house where she had been waiting. Although not precisely accurate, the prosecutor's statement conveyed a permissible inference from the testimony. In making this determination the district court did not abuse its discretion. *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1150 (9th Cir. 2012).

AFFIRMED.