NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff-Appellee,<br><br>  v.<br><br>STEPHEN KERR and MICHAEL QUIEL,<br><br>           Defendants-Appellants. | No.   15-10393<br><br>D.C. No.<br>2:11-cr-02385-JAT-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted August 18, 2017[**]
San Francisco, California

Before:  RAWLINSON and NGUYEN, Circuit Judges, and VANCE,[***] District Judge.

Stephen Kerr and Michael Quiel were convicted of willful subscription to a

false tax return in violation of 26 U.S.C. § 7206(1).  Kerr was also convicted of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Sarah S. Vance, United States District Judge for the Eastern District of Louisiana, sitting by designation.

willful failure to file reports of foreign bank and financial accounts (FBARs) in violation of 31 U.S.C. §§ 5314 and 5322(a). This Court affirmed defendants' convictions on direct appeal. *See United States v. Quiel*, 595 F. App'x 692 (9th Cir. 2014). Defendants now appeal the district court's denial of their motion for a new trial or, alternatively, for an evidentiary hearing. This motion was based on allegations that (1) defendants' lawyer, Christopher Rusch, had engaged in criminal and fraudulent behavior before, during, and after the trial, in part by blogging and podcasting under the pseudonym "Christian Reeves"; (2) the Government had an undisclosed agreement with Rusch that allowed Rusch to commit illegal acts without fear of prosecution in exchange for his testimony against defendants; and (3) Exhibits 51 and 52, introduced at trial, were forged. Defendants also appeal the district court's denial of their motion to accept a limited remand. We affirm.

**1.** We generally review the denial of a new trial motion, made based on newly discovered evidence, for abuse of discretion. *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009). In order to obtain a new trial under Rule 33, the defendant must establish that:

> (1) the evidence [is] newly discovered; (2) the failure to discover the evidence sooner [was not] the result of a lack of diligence on the defendant's part; (3) the evidence [is] material to the issues at trial; (4) the evidence [is] neither cumulative nor merely impeaching; and (5) the evidence . . . indicate[s] that a new trial would probably result in acquittal.

15-10393

*United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005) (quoting *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir. 1991)). As an initial matter, the district court did not err in refusing to consider certain audio recordings, which were introduced to establish Reeves as Rusch's alter ego, because the court presumed the truth of this allegation. Additionally, contrary to defendants' assertions, the court did in fact consider the emails allegedly sent by Rusch. Further, the district court correctly held that evidence showing the falsity of Exhibits 51 and 52 did not satisfy Rule 33 because defendants failed to meet their burden of establishing when this evidence was discovered.

Defendants also argue that the district court erred in finding that evidence relating to Rusch's fraudulent behavior and undisclosed agreement with the Government would be cumulative and merely impeaching. Ordinarily, newly discovered evidence that merely impeaches a witness will not warrant a new trial. *See, e.g.*, *United States v. Davis*, 960 F.2d 820, 825 (9th Cir. 1992). But impeachment evidence may require a new trial when it "refute[s] an essential element of the government's case," or it is "so powerful that, if it were to be believed by the trier of fact, it could render the witness' testimony totally incredible." *Id.* At trial, the jury heard testimony that Rusch committed a tax felony, had substantial tax debt, violated his fiduciary duties to his clients, misused his client trust fund account, falsely notarized a document, and violated the ethical

rules of the California Bar. We agree with the district court that any additional evidence that Rusch engaged in other fraudulent behavior of the same nature would be cumulative of this impeachment evidence. Relatedly, defendants assert that additional evidence of Rusch's fraudulent behavior negates their *mens rea*. But this Court has already found that there was sufficient evidence for the jury to find the requisite willfulness, even without Rusch's testimony. *See Quiel*, 595 F. App'x at 694. The district court did not abuse its discretion in denying defendants' new trial motion under Rule 33.

**2.** We review *de novo* the district court's denial of a new trial motion based on an alleged *Napue* violation. *United States v. Rodriguez*, 766 F.3d 970, 980 (9th Cir. 2014). To prevail on a *Napue* claim, "the defendant must show that (1) the testimony was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) . . . the false testimony was material." *Id.* at 990 (citation omitted). Defendants argue that the Government's failure to disclose Rusch's fraudulent behavior and pseudonym led to the introduction of perjury, and that Exhibits 51 and 52 were false. But defendants fail to show that either Rusch's testimony or the exhibits were actually false, or that the Government knew or should have known of their falsity. Defendants' conclusory and speculative assertions fail to make out a *Napue* claim. *See United States v. Aichele*, 941 F.2d 761, 766 (9th Cir. 1991).

15-10393

**3.** We also review the district court's denial of a new trial motion "*de novo* when the asserted basis for a new trial is a *Brady* violation." *United States v. Pelisamen*, 641 F.3d 399, 408 (9th Cir. 2011). "A *Brady* violation has occurred if: (1) the government willfully or inadvertently suppressed; (2) evidence favorable to the accused; and (3) prejudiced ensued." *Id.* (citing *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)). First, defendants have not produced any evidence suggesting that Exhibits 51 and 52 were forged and have failed to bear their burden "of producing some evidence to support an inference that the government possessed or knew about the *Brady* material." *Id.* at 408 (citation and internal quotation marks omitted). Second, information about Rusch's pseudonym and fraudulent behavior, which the Government allegedly suppressed, is merely cumulative impeachment evidence, and therefore cannot give rise to a *Brady* violation. *See United States v. Kohring*, 637 F.3d 895, 902 (9th Cir. 2011). Finally, defendants assert that the Government failed to disclose the existence of a leniency agreement with Rusch. Although the prosecution's failure to disclose an agreement with a coconspirator in exchange for his testimony at trial constitutes suppression under *Brady*, *see Giglio v. United States*, 405 U.S. 150, 154-55 (1972), defendants merely speculate about the possibility of an undisclosed agreement, *see Runningeagle v. Ryan*, 686 F.3d 758, 769-70 (9th Cir. 2012). The district court did not err in denying the new trial motion based on alleged *Brady* violations.

**4.** This Court reviews a district court's denial of a post-verdict evidentiary hearing for abuse of discretion. *United States v. Saya*, 247 F.3d 929, 934 (9th Cir. 2001). First, the district court presumed that Rusch used a pseudonym, so there was no need for an evidentiary hearing to establish that. *See United States v. Scott,* 521 F.2d 1188, 1196 (9th Cir. 1975). Second, considering the conclusory nature of defendants' allegations as to the falsity of Exhibits 51 and 52, the court did not abuse its discretion in declining to hold an evidentiary hearing to establish their falsity. *See United States v. Zuno-Arce*, 209 F.3d 1095, 1102-03 (9th Cir. 2000), *overruled on other grounds by Valerio v. Crawford*, 306 F.3d 742 (9th Cir. 2002). Finally, the district court was not obligated to hold an evidentiary hearing to entertain pure speculation about an undisclosed agreement between the Government and Rusch. *See United States v. Mincoff*, 574 F.3d 1186, 1199-1200 (9th Cir. 2009). Thus, the district court did not abuse its discretion in denying defendants' request for an evidentiary hearing.

**5.** Because the denial of defendants' motion to accept remand is essentially the denial of a motion for an indicative ruling, the Court reviews it for abuse of discretion. *See Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1206 (8th Cir. 2015). Defendants moved the district court to accept remand to consider additional new evidence. None of this new evidence warrants relief under Rule 33, *Napue*, or

15-10393

*Brady*.  Thus, the district court did not abuse its discretion in denying defendants'

motion to accept a limited remand.

**AFFIRMED.**

***U.S. v. Kerr*, Case No. 15-10393**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.