**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-10008 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-01792-JAS-EJM-1 |
| v. | |
| MATTHEW RENE OROZCO, AKA Matthew Orozco, AKA Antonio Orozco-Garcia, AKA Matthew Rene Orozco, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted July 30, 2021**
San Francisco, California

Before:  McKEOWN and NGUYEN, Circuit Judges, and LAMBERTH,*** District Judge.

Matthew Orozco was convicted by a jury of conspiracy to transport and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, sitting by designation.

transportation of an undocumented immigrant under 8 U.S.C. § 1324(a)(1). We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Reviewing for abuse of discretion, *see United States v. Molina*, 596

F.3d 1166, 1168 (9th Cir. 2010), we find that the district court properly denied

Orozco's motion to set aside his stipulation to release a material witness. "The test

regarding the validity of a stipulation is voluntariness." *Id.* at 1168–69. Orozco

offered no evidence that anyone coerced him into entering the stipulation. *See*

*Adams v. Peterson*, 968 F.2d 835, 843 (9th Cir. 1992) (en banc) (finding a

stipulation voluntary where there was no evidence of coercion). Orozco's attorney

and the magistrate judge described in detail the nature and consequences of the

stipulation, and Orozco affirmed that he understood that the government could

testify as to the material witness's statements if Orozco signed the stipulation. *See*

*Molina*, 596 F.3d at 1169 (finding a stipulation voluntary because the defendant

had the advice of counsel before signing the stipulation, and the stipulation clearly

explained its consequences).[1] Further, Orozco was sufficiently aware of the

evidence the government could introduce at trial because, with counsel, he

reviewed a report summarizing the witness's interview prior to signing the

---

[1] We decline to review any claim that Orozco received ineffective assistance of counsel because his stand-in attorney had a conflict of interest. *See United States v. Rahman*, 642 F.3d 1257, 1259–60 (9th Cir. 2011) (explaining that we review ineffective assistance claims on direct appeal only in "unusual cases" not present here).

stipulation, *see United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1986) (finding a stipulation voluntary because the defendant "understood that the evidence stipulated to was the same evidence upon which a jury found his co-defendants guilty"), and Orozco does not establish that his lack of awareness that he was required to sign the stipulation to continue plea negotiations rendered his stipulation involuntary.

Orozco's other arguments regarding the stipulation likewise fail. Because Orozco voluntarily entered the stipulation, he waived his right to confront and cross-examine the witness. *See Wilson v. Gray*, 345 F.2d 282, 287 (9th Cir. 1965). And any suggestion that the witness may have had exculpatory evidence is purely speculative.

2.      Orozco also argues that the district court erred in denying his motion to strike a government witness's testimony about statements Orozco made pursuant to a proffer agreement.[2] Even if the court erred in admitting this evidence, any error was harmless. Fed. R. Crim. P. 52(a). There was overwhelming evidence of Orozco's guilt. Though the court instructed the jury on duress, Orozco did not testify, call any witnesses, or offer any evidence to support this defense. *See United States v. Gonzalez-Flores*, 418 F.3d 1093, 1102 (9th Cir. 2005) (finding

---

[2] The government's unopposed motion to supplement the record with the parties' proffer agreement (Docket Entry No. 37) is granted.

admission of testimony harmless where the defendant did not put forth a defense, and the evidence against him was overwhelming).  Therefore, any error was harmless.

**AFFIRMED.**