ROBERT LAVERNE LEWIS, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 7600

December 23, 1974                    529 P.2d 796

---

*Horace R. Goff,* State Public Defender, and *Gary A. Sheerin,* Deputy State Public Defender, of Carson City, for Appellant.

*Robert List,* Attorney General; *Roy A. Woofter,* District Attorney, and *Dan M. Seaton,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Robert LaVerne Lewis pleaded guilty to a charge of attempted forgery under NRS 205.090 and was sentenced to a term of five years in the Nevada State Penitentiary. The sentence was suspended and he was placed on probation for a period of two years. During Lewis's probation period the State of Nevada moved to revoke his probation because of purported violations of his probation agreement. The Eighth

Judicial District Court revoked the probation and imposed the original sentence.

The issue raised on appeal is whether the district court abused its discretionary power in revoking probation. Lewis claims that the State is required to establish violations of the probation agreement by a preponderance of evidence.

In considering the standard to be applied in revoking probation the law is well-established that revocation of probation is within the exercise of the trial court's broad discretionary power and such an action will not be disturbed in the absence of a clear showing of abuse of that discretion. Pickens v. State of Texas, 497 F.2d 981, 982 (5th Cir. 1974); United States v. Lara, 472 F.2d 128, 129 (9th Cir. 1972); 18 U.S.C.A. 3651 (the equivalent federal statute to NRS 176.215).[1]

Evidence beyond a reasonable doubt is not required to support a court's discretionary order revoking probation. The evidence and facts must reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation. Pickens v. State of Texas, supra; Bernal-Zazueta v. United States, 225 F.2d 64, 68 (9th Cir. 1955).

The appellant's record reflects that sufficient evidence was present to justify revocation. Lewis left the state without permission of his probation officer, he changed his residence without permission, failed to report to his probation officer for several months and it was established at the revocation hearing that he occupied more than one motel room under an alias and in each instance left without paying for the accommodations. Also, he performed some automotive repair service while in the employ of another person, received payments therefor which he did not turn over or report to the employer.

---

[1]NRS 176.215

. . .

1.   The period of probation or suspension of sentence may be indeterminate or may be fixed by the court and may at any time be extended or terminated by the court.

18 U.S.C.A. 3651

. . .

The court may revoke or modify any condition of probation, or may change the period of probation.

All the foregoing constituted violations of his probation agreement. There was no abuse of discretion by the district court.

Affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.