ARNOLD HYLER, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 12858

January 28, 1982                    639 P.2d 560

Goodman, Oshins, Brown & Singer, Chartered, and William B. Terry, Las Vegas, for Appellant.

Richard H. Bryan, Attorney General, Carson City; Robert J. Miller, District Attorney, James Tufteland and Vince Consul, Deputy District Attorneys, Clark County, for Respondent.

---

[8]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE CAMERON M. BATJER, Justice. Nev. Const., art. 6, § 19; SCR 10.

## OPINION

*Per Curiam:*

Appellant Arnold Hyler seeks reversal of the district court's order revoking his probation. In August of 1978 Hyler was found guilty of the sale of a controlled substance (NRS 453.321) and was given a 20-year suspended sentence with a probation period of five years. His probation was subject to the standard rules and conditions of the Department of Parole and Probation (hereinafter "Department"). Among other provisions, Hyler was required to notify the Department of any contemplated change in residence, refrain from associating with persons "of bad reputation," cooperate with the Department and comply with all laws while conducting himself as a good citizen. Hyler was arrested by the Las Vegas Metropolitan Police in February, 1980, on charges of pandering, living with a prostitute and living from the earnings of a prostitute; charges never formally filed. The Department charged Hyler with violations of each of the probation conditions noted above. After a preliminary inquiry, the hearing officer used a probation violation report to augment the testimony obtained at the hearing. The report was used without appellant's knowledge. Hyler's probation officer, the author of the report, did not testify at the preliminary inquiry. The report was also submitted to the district court to supplement the hearing officer's findings.

Following the preliminary inquiry, Hyler was bound over to the district court for a revocation hearing for violation of the residency, association and cooperation terms of his probation. The trial court found violations of the laws and conduct, residency and cooperation terms.

Among his numerous claims, Hyler alleges that the use of the probation violation report at the preliminary inquiry departs from the procedural due process precepts of Gagnon v. Scarpelli, 411 U.S. 778 (1973); Morrissey v. Brewer, 408 U.S. 471 (1972); and Anaya v. State, 96 Nev. 119, 606 P.2d 156 (1980).

We recognize that the full panoply of constitutional protections afforded defendants in criminal proceedings does not

apply to probation revocation proceedings. *Morrissey,* 408 U.S. at 480; *Anaya,* 96 Nev. at 122, 606 P.2d at 157. And we acknowledge that trial courts are vested with broad discretion in probation revocation proceedings. *See* Lewis v. State, 90 Nev. 436, 529 P.2d 796 (1974).

However, minimal procedural safeguards for revocation proceedings were mandated in *Morrissey* and *Scarpelli* and codified, in part, in NRS 176.216-218. NRS 176.217(2)(d) demands that a probationer be permitted to "[c]onfront and question any person who has given adverse information on which a revocation of his probation may be based. . . ." Hyler's probation officer did not testify at the preliminary inquiry, nor was the violation report introduced as evidence in that proceeding. We will not presume that Hyler was aware that the violation report would serve as a basis of the hearing officer's findings. Hyler could not confront his probation officer because the officer was not called as a witness, yet the information supplied by the officer in the violation report was used as a substantial basis for finding probable cause of probation violations. We conclude that such a procedure is contrary to the pronouncements in *Morrissey, Scarpelli,* and *Anaya, supra,* as well as NRS 176.217.

In the context of this case, we find appellant's other contentions are without merit.

We reverse the trial court's order revoking probation.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, Sr. J.,[1] concur.

---

[1]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6, § 19.