An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON VON ROSENBERG,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61594

FILED

APR 10 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

ORDER OF AFFIRMANCE

This is an appeal from a district court order revoking appellant Jason Von Rosenberg's probation. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

First, appellant argues that the district court abused its discretion by finding that he violated the condition of his probation which prohibited the possession of sexually explicit material, and by revoking his probation on this ground, because he merely viewed sexually explicit images and never physically possessed them. Because revocation proceedings are not criminal prosecutions, conditions of probation need not be as precise as criminal statutes or "spell out every last, self evident detail," and "can be written—and must be read—in a commonsense way." U.S. v. Paul, 274 F.3d 155, 167 (5th Cir. 2001) (internal quotation marks omitted). Evidence beyond a reasonable doubt that a probationer is not in compliance with the conditions of his probation is not required. Lewis, 90 Nev. at 438, 529 P.2d at 797.[1] We conclude that the district court did not

---

[1]We note that, before revoking appellant's probation, the district court commented that appellant had previously argued that viewing the

continued on next page . . .

13-10503

abuse its discretion by finding that appellant's conduct was not as good as required by the conditions of his probation and revoking his probation.

Second, appellant argues that the district court abused its discretion by revoking his probation because the plain language of the condition which prohibited him from possessing sexually explicit material required that his probation officer deem the material inappropriate before he could be revoked for possessing it. Such a reading of the condition would produce an absurd result, see Wilson v. State, 121 Nev. 345, 357, 114 P.3d 285, 293 (2005) (this court construes statutory language to avoid absurd results); however, even assuming that appellant's reading of the condition is correct, his probation officer testified that she explained to him on multiple occasions that he was to possess or view no sexually explicit or pornographic material whatsoever. We conclude that the district court did not abuse its discretion by finding that appellant's conduct was not as good as required by the conditions of his probation. See Lewis v. State, 90 Nev. 436, 438, 529 P.2d 796, 797 (1974).

Third, appellant argues that the district court abused its discretion by revoking his probation because all of his exposure to sexually explicit material was a result of his employment, which was approved by his probation officer and his sexual therapist. The district court conducted

. . . *continued*

materials did not constitute possessing them and that the parties resolved this dispute in a way that "both sides could live with." Appellant failed to provide this court with information regarding this resolution. See Greene v. State, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant.").

multiple hearings related to this issue and listened to testimony from appellant's probation officer, his sexual therapist, and a social media expert, and ultimately concluded that appellant's exposure to sexually explicit material went above and beyond that which was incidental to his employment. This contention is supported by the record. We conclude that the district court did not abuse its considerable discretion by finding that appellant's conduct was not as good as required by the conditions of his probation.

Having considered appellant's contentions and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                                      Cherry

---

[2]Appellant also argues that the condition of his probation which prohibited him from possessing sexually explicit material was unconstitutionally vague because sexually explicit material was not defined. Appellant waived a challenge to the constitutionality of this provision by failing to raise it on direct appeal from the judgment of conviction. See United States v. Stine, 646 F.2d 839, 846 (3d Cir. 1981) (noting that challenges to the constitutionality of probation conditions must be raised on direct appeal); Franklin v. State, 110 Nev. 750, 752, 877 P.2d 1058, 1059 (1994) ("[C]laims that are appropriate for a direct appeal must be pursued on direct appeal, or they will be considered waived in subsequent proceedings."), overruled on other grounds by Thomas v. State, 115 Nev. 148, 979 P.2d 222 (1999).

cc: Hon. Connie J. Steinheimer, District Judge
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk