An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

CRAIG VINCENT BROWN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62825

FILED

SEP 1 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



### ORDER OF AFFIRMANCE

This is an appeal from a district court order revoking appellant Craig Vincent Brown's probation. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Brown contends that his due process rights were violated because no "verified facts" in the record supported the revocation of his probation. *See Anaya v. State*, 96 Nev. 119, 122, 606 P.2d 156, 157 (1980) ("Due process requires, at a minimum, that a revocation be based upon 'verified facts' so that 'the exercise of discretion will be informed by an accurate knowledge of the [probationer's] behavior.'" (alteration in original) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 484 (1972))). Brown claims that the violation report prepared by the Division of Parole and Probation was not filed and made part of the record in the district court. The State disputes Brown's claim. Regardless, a review of the revocation hearing transcript reveals that Brown "stipulate[d] to *the violations in the report*," (emphasis added), indicating that he received both notice of the State's intent and the violation report prior to the hearing. At the hearing, Brown also expressly waived his due process right to have the State prove the allegations in the report by the presentation of evidence. Brown did not object below on due process grounds and we conclude that

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27755

he fails to demonstrate plain error entitling him to relief. *See* NRS 178.602; *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) ("[T]he burden is on the defendant to show actual prejudice or a miscarriage of justice."). Additionally, to the extent Brown raises the argument, we further conclude that the district court did not abuse its discretion by revoking his probation. *See Lewis v. State*, 90 Nev. 436, 438, 529 P.2d 796, 797 (1974); *see generally McNallen v. State*, 91 Nev. 592, 540 P.2d 121 (1975) (revocation of probation affirmed where violation by probationer not refuted). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Michelle Leavitt, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

_____

[1]The fast track response submitted by the State does not comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because the text is not double-spaced. Counsel for the State is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).