An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LARRY DARNELL HOWARD, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63952

**FILED**

APR 10 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order revoking probation and amending the judgment of conviction. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

The district court convicted appellant, pursuant to a guilty plea, of child abuse and neglect with substantial bodily harm and/or mental injury. The district court sentenced appellant to a prison term of 24 to 72 months, suspended the sentence, and placed him on probation. However, eighteen months later, after receiving a violation report and conducting a probation revocation hearing, the district court revoked appellant's probation and imposed the original sentence.

Appellant claims that he was denied due process because the district court lacked a factual basis to support its probation revocation decision. Appellant specifically argues that the district court did not have the arrest report and did not hear testimony from any of the witnesses with direct knowledge of his violations. Appellant further asserts that he was unable to confront and question the State's witnesses because they were not called to testify at the revocation hearing.

"Due process requires, at a minimum, that a revocation be based upon verified facts so that the exercise of discretion will be informed

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11546

by an accurate knowledge of the probationer's behavior," *Anaya v. State*, 96 Nev. 119, 122, 606 P.2d 156, 157 (1980) (internal quotation marks and brackets omitted), and, to this end, "a probationer has a due process right to confront and question witnesses giving adverse information at the formal revocation hearing," *id.* at 123, 606 P.2d at 158. However, a probationer "is [also] entitled to enter into agreements that waive or otherwise affect his or her fundamental rights," *Krauss v. State*, 116 Nev. 307, 310, 998 P.2d 163, 165 (2000), and those agreements will be enforced, *see United States v. Molina*, 596 F.3d 1166, 1169 (9th Cir. 2010) (stipulations voluntarily and knowingly entered into during criminal proceedings will be enforced).

Here, the record reveals that appellant stipulated to the probation violations and the parties agreed that they would just present argument at the probation revocation hearing. The district court heard the parties' arguments, determined that appellant's conduct was not as good as required by the conditions of probation, and ordered appellant's probation revoked. We conclude from this record that appellant waived his due process rights and the district court did not abuse its discretion by revoking probation. *See Lewis v. State*, 90 Nev. 436, 438, 529 P.2d 796, 797 (1974) (reviewing a district court's decision to revoke probation for abuse of discretion). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Valerie Adair, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

3