An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ISIDRO BACA, WARDEN; THE STATE
OF NEVADA BOARD OF PAROLE;
AND THE STATE OF NEVADA,
Appellants,
vs.
JAMES FRANCIS MEEGAN, II,
Respondent.

No. 66775

**FILED**

FEB 1 1 2015

TRACIE K. LINDEMAN
**CLERK OF SUPREME COURT**
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from an order granting a petition for a writ of habeas corpus. First Judicial District Court, Carson City; James Todd Russell, Judge.

On August 6, 2013, the Parole Board revoked James Meegan's parole from a life sentence for violating the directives, laws, and conduct conditions of his parole. Meegan filed a petition for a writ of habeas corpus challenging the decision to revoke his parole and raising a number of due process claims. The district court found that the Parole Board had failed to provide minimal due process when it failed to provide a written statement of the evidence relied upon and the reasons for revoking parole. In particular, the district court noted that at the parole revocation hearing the Parole Board simply informed Meegan that he had been found guilty of a directives, laws, and conduct violation without any further explanation of the evidence relied upon and no correlation linking the incident with his mother and the revocation of his parole. The district court found that Meegan had not made any admission during the hearing and that there was no evidence to support a violation of law as the charges

15-04597

against him in California had been dismissed. Further, the district court considered the factors that the Parole Board is to consider when establishing regulations as set forth in NRS 213.10885(2) and concluded that the factors largely weighed in Meegan's favor. The district court ordered that Meegan receive a new parole revocation hearing. The State argues that the district court erred in granting relief because there was a written statement of the evidence relied upon and the reason for revoking parole. We agree.

Revocation of parole involves a two-step process. *Morrissey v. Brewer*, 408 U.S. 471, 479-80 (1972). The first step "involves a wholly retrospective factual question: whether the parolee has in fact acted in violation of one or more conditions of his parole." *Id.* at 479. The second step is a discretionary determination by the factfinder as to whether the violation warrants revocation of parole. *Id.* at 480. The decision of whether to revoke parole is a discretionary decision and will not be disturbed absent a showing of an abuse of discretion. *Lewis v. State*, 90 Nev. 436, 438, 529 P.2d 796, 797 (1974).

Minimal due process at a final parole revocation hearing requires: (1) written notice of the claimed violations of parole; (2) disclosure to the parolee of the evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) a qualified right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the factfinders of the evidence relied on and reasons for revoking parole.[1]

---

[1]The preliminary inquiry in this case occurred in California as Meegan was residing in California under an Interstate Compact when the arrest occurred.

*Morrissey*, 408 U.S. at 488-89. Due process requires that revocation be based upon "verified facts," *id.* at 484; *see also Anaya v. State*, 96 Nev. 119, 122, 606 P.2d 156, 157 (1980), and the "evidence and facts must reasonably satisfy the [factfinder] that the conduct of the [parolee] has not been as good as required by the conditions of [parole]," *Lewis*, 90 Nev. at 438, 529 P.2d at 797; *see also United States v. Gallo*, 20 F.3d 7, 14 (1st Cir. 1994). The written statement by the factfinder "helps to insure accurate factfinding with respect to any alleged violation and provides an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence." *Black v. Romano*, 471 U.S. 606, 613-14 (1985). The reviewing court may consider the written report as well as any transcripts of the proceedings. *Id.* at 616; *United States v. Sesma-Hernandez*, 253 F.3d 403, 408-09 (9th Cir. 2001); *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994). "A due process violation at a revocation proceeding is subject to harmless error analysis." *United States v. Havier*, 155 F.3d 1090, 1092 (9th Cir. 1998).

While the board's written statement in this case is not a model of due process, it is sufficient when considering the record as a whole. The written statement identified 4 pieces of evidence relied upon: the parole violation report from California, the police report of the incident with Meegan's mother, the docket entries for the California case, and a 2011 protective order issued in Clark County. The written decision further articulates a reason to revoke parole, "arrest for battery with family member and criminal history consists of violence—creating threat to public safety." Contrary to the assertion of the district court that Meegan had not committed a violation of the law condition because the California charges had been dismissed, a conviction is not a precondition for charges

to be considered in determining whether to revoke parole. *See Dail v. State*, 96 Nev. 435, 440, 610 P.2d 1193, 1196 (1980) (holding that due process is not violated when revocation is conducted in advance of a trial conducted on the charges that were also alleged as a probation violation); *see also Kartman v. Parratt*, 535 F.2d 450, 458 (8th Cir. 1976); *Standlee v. Rhay*, 557 F.2d 1303, 1305-07 (9th Cir. 1977). Meegan was provided an opportunity to explain the circumstances of the incident and arrest in California and he provided letters from friends and family for consideration by the Parole Board.[2] While the Parole Board could have better articulated their findings at both the hearing and in the written statement, when reviewed as a whole the record reveals that the evidence supported a finding that Meegan had violated conditions of his parole due to the altercation with his mother and subsequent arrest and charges and that his parole was revoked due to concerns about public safety given his criminal history.[3] Therefore, we reverse the district court's decision to grant the petition.

---

[2]Due process would allow consideration of "letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Morrissey*, 408 U.S. at 489.

The police report is not required to be "verified," rather due process requires a violation be established by verified facts. *Morrissey*, 408 U.S. at 484; *see also Anaya*, 96 Nev. at 122, 606 P.2d at 157. Meegan's own statements at the hearing supported a finding that Meegan had violated the conditions of his parole when he engaged in a fight with his mother and broke a bottle on the ground during the fight.

[3]The Parole Board was not required to provide a written statement regarding the factors set forth in NRS 213.10885(2) as those factors are meant to guide the Parole Board in establishing guidelines to review parole-revocation decisions in general. The factors set forth in NRS

*continued on next page...*

To the extent that Meegan argues that he was not provided notice that the Parole Board would consider the 2011 protective order and that this provides an alternative ground to affirm the decision of the district court, we conclude that any due process violation in this regard was harmless.[4] *Havier*, 155 F.3d at 1092; *see also Kartman*, 535 F.2d at 454 (finding that although a third violation was impermissibly vague as charged, the error would not justify relief if revocation based on two other violations was proper). It does appear that there was a notice problem regarding the 2011 protective order. It does not appear from the documents before this court that Meegan received notice that the protective order would be considered as it is not mentioned in any of the violation reports. Further, the protective order was never mentioned on the record at the parole revocation hearing. However, the Parole Board's decision, as discussed more fully in this order, rested upon the incident with his mother as well as his criminal history—which includes a conviction of first-degree murder involving the death of his child. Under these circumstances, where there were verified facts presented that he had violated the directives, laws, and conduct conditions of parole based upon the incident with his mother that resulted in his arrest and charges

---

*...continued*
213.10885(2) are not a checklist and they do not narrow the discretion of the Parole Board.

[4]To the extent that Meegan claims he did not receive notice of the California charges, the record belies this claim. Meegan had a preliminary inquiry in California. Further, there is a signed document acknowledging Meegan's receipt of the parole violation report. Meegan did not argue on appeal any other claims rejected by the district court, and therefore, our review is limited to the issues raised on appeal.

in California, we conclude that any error in failing to provide notice of the 2011 protective order was harmless. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. James Todd Russell, District Judge
       Attorney General/Carson City
       Belanger & Plimpton
       Carson City Clerk