# IN THE SUPREME COURT OF THE STATE OF NEVADA

PABLO JOSE LUPERCIO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76271

FILED

JUN 17 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order revoking probation.[1] Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

Appellant Pablo Lupercio was convicted, pursuant to a guilty plea, of attempted assault with a deadly weapon. The district court sentenced him to a term of 18 to 60 months in prison. The district court suspended the sentence and placed Lupercio on probation not to exceed 60 months. Later, the district court revoked probation and imposed the original term of imprisonment. Lupercio claims that the district court abused its discretion by revoking his probation.

First, Lupercio argues that his probation was improperly revoked based on an arrest on a charge that the State did not subsequently prosecute. We discern no abuse of discretion. *See Lewis v. State*, 90 Nev. 436, 438, 529 P.2d 796, 797 (1974) (reviewing decision to revoke probation for abuse of discretion). Lupercio admitted to the arrest during the revocation hearing and to the underlying conduct during his arrest. This

---

[1]We conclude that a response to appellant's informal brief is not necessary. NRAP 46A(c). Pursuant to NRAP 34(f)(3), this appeal has been decided on the pro se brief and the record.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-26049

evidence was sufficient for the court to conclude that Lupercio did not comply with the law while on probation. *See id.* (requiring evidence merely "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation"); *see also Dail v. State*, 96 Nev. 435, 440, 610 P.3d 1193, 1196 (1980) (recognizing that a "conviction is not a precondition to probation revocation").

Second, Lupercio argues that a prior positive drug test and traffic violation should not have been relied upon to revoke his probation because the test occurred before he was sentenced and the officer who issued the citation verbally reprimanded him. We conclude that this argument lacks merit. The court revoked probation based on Lupercio's conduct while on probation that warranted his arrest. It did not base its decision on the earlier positive drug test or the traffic citation.

Third, Lupercio argues that he did not have notice of the alleged probation violation to prepare for his revocation hearing. We disagree. The record indicates that Lupercio signed the notice of preliminary inquiry acknowledging that he received notice of the alleged violation of probation.

Fourth, Lupercio argues that it was improper to impose the suspended sentence because it was unclear from the district court minutes what the Parole and Probation department recommended at sentencing. Because this argument relates to the suspended sentence set forth in the original judgment of conviction, Lupercio did not designate the original judgment of conviction in the notice of appeal, and we decline to consider Lupercio's challenge to the sentence. *See* NRAP 3(c)(1)(B) (providing that notice of appeal shall "designate the judgment, order or part thereof being appealed"); *Abdullah v. State*, 129 Nev. 86, 90-91, 294 P.3d 419, 421-22 (2013) (discussing "general rules that an appealable judgment or order that

is not designated in the notice cannot be considered on appeal" and explaining the limited circumstances in which the court may infer the intent to appeal from a judgment or order not designated in the notice of appeal).

Having considered Lupercio's contentions and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Cadish

cc:   Hon. Elliott A. Sattler, District Judge
Pablo Jose Lupercio
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk