# IN THE SUPREME COURT OF THE STATE OF NEVADA

MEGAN LAWRENCE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76991

**FILED**

JUN 17 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order revoking probation. Second Judicial District Court, Washoe County; Lynne K. Simons, Judge.

Appellant argues that the district court abused its discretion in revoking probation because it failed to consider appellant's argument for a dishonorable discharge. Appellant has failed to demonstrate that the district court abused its discretion. *Lewis v. State*, 90 Nev. 436, 438, 529 P.2d 796, 797 (1974). There is no support in the record for appellant's assertion that the district court failed to consider appellant's argument for dishonorable discharge. More importantly, appellant's argument for dishonorable discharge was legally incorrect as NRS 176A.630 does not set forth dishonorable discharge as a possible district court action for violation of a condition of probation. Dishonorable discharge is only available pursuant to former NRS 176A.870[1] when a defendant has expired the probationary term. And contrary to appellant's argument, a term of

---

[1]This provision is now codified in NRS 176A.850(2).

19-26050

probation has expired when the period for probation has been completed.[2] *See, e.g.*, NRS 176A.850(1)(a) (describing one of the conditions for honorable discharge of probation to be "[fulfillment] of the conditions of probation for the entire period thereof"). Revocation of probation is not the equivalent of expiring a term of probation. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Cadish

cc:    Hon. Lynne K. Simons, District Judge
       Washoe County Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

---

[2]We reject appellant's argument that the term "expired" is ambiguous in the context of former NRS 176A.870, and thus, review of the legislative history is unwarranted.

Supreme Court
OF
Nevada

(O) 1947A

2