# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN ROBERT HOLMES, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 82452

FILED

NOV 10 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an order revoking probation, executing the original sentence, and amending the judgment of conviction to include jail time credits. Eighth Judicial District Court, Clark County; Mary Kay Holthus, Judge.

Appellant argues that the district court abused its discretion in revoking his probation. Revocation of probation is within "the trial court's broad discretionary power and such an action will not be disturbed in the absence of a clear showing of abuse of that discretion." *Lewis v. State*, 90 Nev. 436, 438, 529 P.2d 796, 797 (1974). As this court has explained, an order revoking probation need not be supported by evidence beyond a reasonable doubt. *Id.* Rather, "[t]he evidence and facts must reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation." *Id*; *see also Anaya v. State*, 96 Nev. 119, 122, 606 P.2d 156, 157 (1980) ("Due process requires, at a minimum, that a revocation be based upon verified facts." (internal citation and quotation omitted)). Probation may be revoked, without graduated sanctions, if the probationer commits certain offenses including any felony offense or DUI. NRS 176A.630(1).

21-32353

Appellant first argues that the district court abused its discretion in revoking his probation based on the new DUI offense where only one breathalyzer was performed and the probation officer did not testify to whether she followed procedures required by the administrative code. We disagree. Appellant was arrested and booked for a misdemeanor crime of DUI committed while he was on probation.[1] The probation officer testified that she was present for his arrest, witnessed him driving a vehicle and being pulled over by the police, smelled alcohol on him, saw him fail a field sobriety test, and performed a breathalyzer in the field with a result of .128. The probation officer's testimony further indicates that when appellant was booked into the jail for the probation violation and the DUI offense, law enforcement continued the DUI process and a blood draw was conducted. Contrary to appellant's contention, neither formal charges nor a conviction are required for probation to be revoked under NRS 176A.630(1) given the statute's plain language allowing the court to revoke probation if it finds the probationer violated probation by "committing" certain offenses. *See Commission*, Black's Law Dictionary (11th ed. 2019) (defining commission, in pertinent part, as "[t]he act of doing or perpetrating (as a crime)"). The testimony and evidence at the hearing were enough for the court to be reasonably satisfied that appellant had violated a condition of his probation with his arrest for misdemeanor DUI (a violation of NRS 484C.110), and the district court did not abuse its discretion in this regard.

_____

[1]At the revocation hearing, appellant's counsel stated that the DUI had been "set in [ ] April of 2021 in Muni.," indicating that a new case had been filed.

Appellant next argues that the district court abused its discretion in determining that he had violated probation by committing a new offense of possession of a firearm by a prohibited person because there was no evidence he had actual or constructive possession of the firearm. We disagree. The probation officer testified about being informed of an incident reported to the police where appellant was accused of brandishing a firearm at a neighbor. Although no firearm was found in a search of appellant's residence immediately after his arrest for the DUI offense, a firearm was discovered in a subsequent search of the residence based on information obtained from jail phone calls between appellant and his significant other. And as noted above, neither formal charges nor a conviction are required for the district court to find that a probationer has violated probation by committing a new felony offense. The testimony and evidence at the hearing, including the jail calls, were enough for the court to be reasonably satisfied that appellant had violated a condition of his probation by committing the offense of possession of a firearm by a prohibited person, which is a felony under NRS 202.360(1).[2]

Finally, appellant argues that his probation should not be revoked because the Division did not comply with the graduated sanctions required by NRS 176A.510 for an earlier technical violation (drugs and alcohol condition). Appellant is entitled to no relief on this basis since his probation was revoked for later non-technical violations, and thus, the graduated sanctions for technical violations are not applicable in this case. And nothing in the statute precludes the court from revoking probation for

_____

[2]The probation officer testified that formal charges were anticipated pending DNA testing of the firearm.

a non-technical violation simply because the probationer did not receive graduated lesser sanctions for earlier technical violations. Accordingly, we ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Hardesty

_____, J.
Cadish

_____, Sr.J.
Gibbons

cc:     Hon. Mary Kay Holthus, District Judge
        Clark County Public Defender
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

_____

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.