141 Nev., Advance Opinion 22

# IN THE SUPREME COURT OF THE STATE OF NEVADA

QUASHAWN SAQUAN SHERIDAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 89167



FILED

APR 24 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order revoking appellant's probation. Second Judicial District Court, Washoe County; Tammy Riggs, Judge.

*Reversed and remanded.*

Katheryn Hickman, Alternate Public Defender, and Thomas L. Qualls, Deputy Alternate Public Defender, Washoe County,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Christopher J. Hicks, District Attorney, and Jennifer P. Noble, Chief Appellate Deputy District Attorney, Washoe County,
for Respondent.

_____

BEFORE THE SUPREME COURT, PARRAGUIRRE, BELL, and STIGLICH, JJ.

25-18295

*OPINION*

By the Court, PARRAGUIRRE, J.:

NRS 176A.510 requires the imposition of graduated sanctions for technical probation violations. Generally, unless the violation is nontechnical, all graduated sanctions must be exhausted before the State can seek probation revocation. NRS 176A.510(7). Here, while on probation, appellant Quashawn Sheridan was convicted of obstructing or resisting an officer by flight and failure to register with law enforcement as a convicted person within 48 hours. The district court revoked his probation as a result.

Sheridan challenges the revocation on the ground that his probation violations were merely technical, such that only graduated sanctions, not revocation, were available. Although the district court concluded that Sheridan committed a violent crime, and NRS 176A.510(8)(c)(1)(IV) deems a "[c]rime of violence" a nontechnical violation, the crimes Sheridan was convicted of cannot categorically be described as violent crimes, and thus any such conclusion must be supported by specific factual findings. Because the district court did not substantiate its findings that these were crimes of violence and, therefore, nontechnical violations, we reverse the probation revocation determination.

*FACTS*

Sheridan pleaded guilty to failure to obey laws and regulations regarding registration of sex offender, first offense, a category D felony in violation of NRS 179D.550(1), and was sentenced to a suspended prison term of 12-30 months with a definite probationary period of 24 months. While on probation for that underlying offense, a Reno Police Department (RPD) officer observed Sheridan crossing the street against a do not walk sign. Following "a short foot pursuit," Sheridan was detained and charged



under NRS 179D.550(2) for prohibited acts violating sex offender registration, second or subsequent offense, a category C felony. Sheridan was subsequently convicted of two misdemeanors: obstructing or resisting an officer by flight in violation of Reno Municipal Code 8.06.010(b)(4) and failure to register with law enforcement as a convicted person within 48 hours in violation of NRS 179C.100(1).

The State successfully moved in the district court to revoke Sheridan's probation on grounds that the two misdemeanors were nontechnical violations of his probation because they constituted crimes of violence. Sheridan now appeals from the district court order revoking his probation, arguing that the district court erred in revoking his probation because his two convictions were nonviolent misdemeanors entitling him to graduated sanctions under NRS 176A.510.

## DISCUSSION

A district court's decision to revoke probation is within its broad discretion and will not be disturbed absent a clear showing of abuse. *See Lewis v. State*, 90 Nev. 436, 438, 529 P.2d 796, 797 (1974). But when, as here, the district court's determination was based on statutory interpretation, we review the district court's decision de novo. *Williams v. State, Dep't of Corr.*, 133 Nev. 594, 596, 402 P.3d 1260, 1262 (2017). "The goal of statutory interpretation is to give effect to the Legislature's intent." *Id.* (internal quotation marks omitted). "To ascertain the Legislature's intent, we look to the statute's plain language." *Id.*

As noted, NRS 176A.510 provides for the imposition of graduated sanctions for technical probation violations and defines nontechnical violations as including, among other things, a "[c]rime of violence as defined in NRS 200.408." NRS 176A.510(8)(c)(1)(IV). NRS 200.408(2)(b)(1), in turn, defines a crime of violence as "[a]ny offense

involving the use or threatened use of force or violence against the person or property of another."

*Violation of RMC 8.06.010(b)(4) does not categorically constitute a crime of violence*

Sheridan was convicted under RMC 8.06.010(b)(4) for obstructing or resisting an officer by flight. RMC 8.06.010(b)(4) states that "[a] person shall not interfere with a peace officer or a person acting at the direction of a peace officer, in the performance of his lawful duty, by . . . [f]light."

We agree with Sheridan that his conviction under this section of the code, specifically the crime of flight, is not a crime of violence. "Flight is defined as the going away from a peace officer to avoid detention or arrest." RMC 8.06.010(a)(3). Nowhere under the municipal code does a flight conviction require use or threatened use of force against a person. Further, no facts presented at the revocation hearing or in the nontechnical violation report justify classifying this particular conviction as a crime of violence. Without facts to justify such a classification, we cannot agree with the State's argument that obstruction by flight is necessarily a dangerous crime that puts the community at risk.

The district court's basis for deeming Sheridan's flight conviction a nontechnical violation was that Sheridan failed to report to the Division of Parole and Probation (P&P) for 45 days, even though the nontechnical violation of absconding requires 60 days. *See* NRS 176A.510(8)(a), (c). The district court also characterized Sheridan's conduct as leading law enforcement "on a dangerous chase through the City of Reno." However, no facts in the record justify the conclusion that the short foot pursuit equated to "a dangerous chase through the [c]ity" or, more importantly, suggest that Sheridan used force or threatened to use force

against a person or property. We therefore conclude that the district court erred by finding Sheridan's flight conviction to be a nontechnical violation of his probation.

*Violation of NRS 179C.100(1) is not categorically a crime of violence*

Sheridan was also convicted under NRS 179C.100(1) for failure to register with law enforcement as a convicted person within 48 hours. The district court found that this conviction put the community at risk and, therefore, was a violent crime that justified a nontechnical violation finding.

The plain language of the statute does not require force or threatened use of force to secure a conviction. Further, without any facts to suggest Sheridan used or threatened to use force against a person or property, it is difficult to ascertain how his conviction could be characterized as a crime of violence. We therefore conclude that the district court erred by finding that Sheridan's NRS 179C.100(1) conviction constituted a crime of violence.

*The State failed to support its argument that an administrative booking under NRS 179D.550(2) supports probation revocation*

Sheridan was administratively booked under NRS 179D.550(2) because he allegedly failed to register as a sex offender. The State argues that "the district court did not need a conviction in order to use Sheridan's charge" to support revoking his probation and that Sheridan admitted to committing this category C felony. The State fails to point to anywhere in the record to support the claim that Sheridan admitted to committing this crime and fails to offer any authority supporting the argument that being administratively booked for a felony is sufficient grounds to revoke probation. Moreover, the record does not support the contention that the

SUPREME COURT
OF
NEVADA

(O) 1947A

district court relied on NRS 179D.550(2) in revoking Sheridan's probation. Therefore, we conclude that the State has failed to demonstrate Sheridan's booking under NRS 179D.550(2) was sufficient grounds to revoke his probation.

## CONCLUSION

NRS 176A.510 requires graduated sanctions for technical probation violations. We hold that obstructing or resisting an officer by flight and failure to register with law enforcement as a convicted person within 48 hours are not categorically crimes of violence, absent specific factual findings to support a conclusion that the crime constituted one of violence. Because the district court failed to support its findings with facts showing that Sheridan's convictions constitute crimes of violence amounting to nontechnical probation violations, we reverse the district court's revocation of Sheridan's probation and remand this matter to the district court for further proceedings. On remand, the district court shall consider the imposition of graduated sanctions under NRS 176A.510 for Sheridan's technical parole violations.

_____, J.
Parraguirre

We concur:

_____, J.
Bell

_____, J.
Stiglich