142 Nev., Advance Opinion 42



FILED
Jun 11 2026
ELIZABETH A. BROWN
CLERK OF SUPREME COURT

# IN THE SUPREME COURT OF THE STATE OF NEVADA

BYRON AARON GARCIA, A/K/A
BRYON AARON GARCIA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 89372

Appeal from a district court order revoking criminal probation and imposing a suspended sentence. Eighth Judicial District Court, Clark County; Mary Kay Holthus, Judge.

*Affirmed.*

Nancy M. Lemcke, Public Defender, and Brennan Bartley, Deputy Public Defender, Clark County,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Karen Mishler, Chief Deputy District Attorney, Clark County,
for Respondent.

BEFORE THE SUPREME COURT, EN BANC

*OPINION*

By the Court, CADISH, J.:

Appellant Byron Garcia was charged with battery constituting domestic violence resulting in substantial bodily harm while he was on probation for another felony offense. In district court, t he State moved to revoke Garcia's probation based on the arrest report and the justice court's determination of probable cause after a preliminary hearing. The district court denied Garcia's request to confront the arresting officers at the revocation hearing, determining that it had sufficient evidence to verify the facts underlying his commission of a felony while on probation such that additional testimony was unnecessary. The district court revoked his probation and imposed the suspended sentence. Garcia appeals, claiming that he was denied due process and a neutral and detached decisionmaker in connection with his probation revocation.

An arrest report and a justice court's probable cause determination, alone, are insufficient to verify the facts underlying a probation revocation decision. However, here, Garcia was afforded a meaningful opportunity to contest the evidence against him. This included cross-examination of the arresting officers during their testimony at the preliminary hearing. The district court reviewed the transcript of that proceeding, along with the arrest and probation violation reports, to verify the factual basis for the violation. Under these circumstances, the district court acted within its discretion in determining that Garcia committed a nontechnical violation warranting revocation without requiring the arresting officers to testify again at the revocation hearing. The district court also did not deny Garcia a neutral and detached decisionmaker. By

independently reviewing the preliminary hearing transcript and relevant reports, rather than simply deferring to the justice court's probable cause determination, the district court fulfilled its obligation to make its own determination of the facts supporting revocation. Accordingly, we affirm.

*FACTS AND PROCEDURAL HISTORY*

In this case, Garcia pleaded guilty to a felony theft charge, and the district court sentenced him to 19 to 48 months in prison but suspended the sentence in favor of probation for an indeterminate period not to exceed 24 months. Two months later, the Division of Parole and Probation filed a violation report requesting that the district court revoke Garcia's probation because he had since been charged with battery constituting domestic violence resulting in substantial bodily harm.

Before his revocation hearing, the justice court held a preliminary hearing at which the officers who arrested Garcia testified to the facts and circumstances of the domestic battery arrest. The officers testified that when they arrived at the scene, the victim was lying on the road bleeding with two black eyes. Consistent with the police report, they further testified that her injuries, blood found inside the car, and the victim's repeated statements that Garcia "did this to me" at the scene were consistent with domestic battery. Garcia cross-examined the officers about whether the victim's injuries were more consistent with an accident than domestic violence. The victim also testified regarding her limited recollection of the incident and her injuries. The magistrate found probable cause to bind Garcia's case over to the district court for trial on the new charges.

At a revocation status check, the State argued that because probable cause had been found on Garcia's new charges, his probation for the theft conviction should be revoked without a formal hearing. The district court granted Garcia's request to brief his right to such a hearing with witnesses; however, the court indicated that "at the end of the day, [Garcia]'s going to get revoked," and it did not "see [Garcia] ever getting the full-blown, full witnesses hearing."

Garcia argued that under *Anaya v. State*, 96 Nev. 119, 606 P.2d 156 (1980), he had a due process right to confront the arresting officers in a formal revocation hearing, a right the court was required to balance against the State's difficulty in securing the officers' live testimony. At the motion hearing, the district court stated it believed that the magistrate's probable cause finding and the police report were sufficient to revoke probation. Nonetheless, to make a more complete record, the court reviewed the preliminary hearing transcript. It ultimately declined to require that the State call the arresting officers to testify again but set a formal revocation hearing date.

At the revocation hearing, neither the State nor Garcia presented witnesses. Garcia submitted into evidence the police photo showing what appeared to be blood on the interior roof of the car and argued that the preliminary hearing testimony and police report were consistent with an accident caused by the victim jumping out of Garcia's moving truck after an argument. He objected to the State using the police report and to using specific statements from the preliminary hearing transcript on hearsay grounds, all of which the district court overruled. Relying on the preliminary hearing transcript, Garcia's prior presentence investigation report (PSI), the probation violation report and police report, and the

4

"totality of everything," the district court found that Garcia committed a nontechnical violation of his probation, revoked probation, and imposed Garcia's suspended sentence.

Garcia appealed the order revoking his probation. The court of appeals reversed, determining that the district court abused its discretion by failing to expressly conduct the *Anaya* balancing test and remanded for a new revocation hearing. *See Garcia v. State*, No. 89372-COA, 2025 WL 2611921 (Nev. Ct. App. Sep. 9, 2025) (Order of Reversal and Remand). We granted the State's petition for review under NRAP 40B.

*DISCUSSION*

The decision to revoke probation is within the district court's broad discretion and will not be disturbed absent "a clear showing of abuse of that discretion." *Lewis v. State*, 90 Nev. 436, 438, 529 P.2d 796, 797 (1974). Probation may be revoked for a nontechnical violation, NRS 176A.630, which includes the commission of a new felony or a battery constituting domestic violence, NRS 176A.510. Evidence supporting revocation must be sufficient to reasonably satisfy the court that "the conduct of the probationer has not been as good as required by the conditions of probation." *Lewis*, 90 Nev. at 438, 529 P.2d at 797. Though the Sixth Amendment Confrontation Clause does not apply at a revocation proceeding, "a defendant has a limited due process right to confront adverse witnesses" in such proceedings. *United States v. Harris*, 112 F.4th 624, 627 (8th Cir. 2024) (citation modified); *see Anaya*, 96 Nev. at 122, 606 P.2d at 157 ("Parole and probation revocations are not criminal prosecutions; the full panoply of constitutional protections afforded a criminal defendant does not apply.").

5

Relying on *Anaya*, Garcia argues that the district court abused its discretion because it failed to balance his due process interest in confronting adverse witnesses against the State's difficulty in securing the arresting officers' live testimony. He claims that using the preliminary hearing transcript did not cure the due process violation because a transcript may rarely be used in lieu of live testimony. The State answers that the revocation hearing complied with the due process requirements set forth in *Anaya*, and we agree.

*Anaya* clarified how due process principles apply to a probation revocation proceeding, requiring "at a minimum, that a revocation be based upon 'verified facts' so that 'the exercise of discretion will be informed by an accurate knowledge of the (probationer's) behavior.'" 96 Nev. at 122, 606 P.2d at 157 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 484 (1972)). After the preliminary inquiry, the probationer is entitled to a "final hearing . . . to determine not only whether the alleged violations actually occurred, but whether the facts as determined warrant revocation." *Id*. at 122, 606 P.2d at 158 (citation modified). At this hearing, the "probationer has a due process right to confront and question witnesses giving adverse information." *Id*. at 123, 606 P.2d at 158. This right is subject to boundaries, including balancing "the strength of the probationer's interest in confronting and cross-examining the primary sources of the information being used against him against the very practical difficulty of securing the live testimony of actual witnesses to his alleged violation. " *Id*. The district court must also consider whether the information is being used to establish a substantive probation violation, in which case the probationer's interest in "questioning the actual source of the information . . . is far stronger than

6

if the information relates merely to his general character while on probation." *Id.*

We also noted in *Anaya* that the district court may consider the arrest report as prima facie evidence of the facts it contains, but that once the probationer challenges the accuracy of those facts, the report's presumptive reliability becomes more questionable. *Id.* at 124, 606 P.2d at 158-59. In that case, we observed that (1) the probation officer's testimony merely summarized the arrest report; (2) the arresting officers did not testify; and (3) the arrest report was not introduced into evidence, so the district court had no means of testing the veracity of the challenged facts presented in the testimony. *Id.* at 124-25, 606 P.2d at 159. We thus concluded that Anaya's due process right to confrontation in a revocation proceeding was violated. *Id.* at 125, 606 P.2d at 159-60.

Unlike the probationer in *Anaya* who had no opportunity to question his arresting officers, Garcia confronted his arresting officers at the preliminary hearing on the domestic battery charge, cross-examining them as to whether the victim's injuries were more consistent with an accident than domestic violence. Moreover, Garcia did not actually contest the accuracy of the underlying facts presented in the arrest report; rather, he objected to the admissibility of the arresting officers' opinions that the injuries were consistent with domestic violence. The district court reviewed the preliminary hearing transcript and did not merely presume the arrest report's reliability, supporting that Garcia received due process.

Garcia nevertheless takes issue with the district court's failure to balance his right to confront the arresting officers against the practical difficulties of securing their live testimony at the revocation hearing. *Anaya*, 96 Nev. at 123, 606 P.2d at 158. But that balancing test from *Anaya*

7

does not apply in this case because Garcia had already confronted his arresting officers under oath regarding his new criminal offense and that offense formed the sole basis for Garcia's nontechnical violation and revocation. Indeed, the balancing test from *Anaya* ensures due process requirements are satisfied in revocation proceedings where a probationer had no prior opportunity to confront adverse witnesses who are the primary sources regarding the facts underlying a nontechnical violation. Here, since Garcia already confronted his arresting officers about the facts underlying his new offense, the district court was not required to balance his interest in doing so against any difficulty in securing their live testimony at the revocation hearing.

To be clear, we disagree with the district court's statement that "the finding of probable cause by another Judge is sufficient," by itself, to justify probation revocation, especially where, as here, the probationer challenges the reliability of the arrest report. *Anaya*, 96 Nev. at 124, 606 P.2d at 158-59. Nor could the district court rely on the arrest report alone after such a challenge. *Id.* But the record makes clear that the district court did not simply rely on the justice court's probable cause determination and arrest report from Garcia's new case. Rather, the court reviewed the preliminary hearing transcript containing witness testimony to verify the facts underlying Garcia's commission of a new felony. That the justice court found probable cause based on this same evidence does not mean that the district court imposed the incorrect legal burden on the State. *Lewis*, 90 Nev. at 438, 529 P.2d at 797 ("Evidence beyond a reasonable doubt is not required to support a court's discretionary order revoking probation.").

Nor was Garcia denied a "neutral and detached hearing body"

8

as required to comport with due process principles under *Anaya*.[1] 96 Nev. at 122, 606 P.2d at 158. Before the district court had reviewed the hearing transcript and conducted a formal hearing, the court indicated that it expected to revoke Garcia's probation based on the arrest report and the justice court's finding of probable cause. However, the court did not immediately rule, instead confirming that it would also "read the preliminary hearing transcript coupled with the police report" to verify the facts underlying Garcia's nontechnical violation. As required, the district court also provided Garcia a meaningful opportunity to rebut the State's revocation evidence. *Id*. Garcia was not precluded from presenting his own evidence and witnesses at the revocation hearing to controvert the State's evidence, and in fact did so by admitting the photograph of blood in the truck's interior. The district court also continued the proceedings for him to fully brief the issue, further supporting that he received due process. *See id*. (explaining that minimum due process requires (1) notice, (2) an opportunity for the probationer to present information, (3) an opportunity for the probationer to confront the sources of adverse information, (4) a hearing before a "neutral and detached" body, and (5) written findings).

Garcia does not argue that additional testimony from the officers was needed to address any new or different issues, potentially leading to a different outcome, or that he was precluded from cross-examining them at the preliminary hearing about the veracity of the arrest report or his theory of the case more generally. And the record shows that

---

[1]We are not persuaded by the State's waiver claim, as we may consider constitutional issues raised for the first time on appeal. *McCullough v. State*, 99 Nev. 72, 74, 657 P.2d 1157, 1158 (1983).

9

the court actually did review and rely on the preliminary hearing transcript in addition to the arrest report. We therefore conclude that the district court did not abuse its discretion when revoking Garcia's probation based on the arrest and probation violation reports, preliminary hearing transcript, and prior PSI report. That information was sufficient to reasonably satisfy the district court that Garcia committed a nontechnical violation warranting revocation, without the need for additional live testimony.

*CONCLUSION*

When the probationer challenges the veracity of an arrest report that serves as the basis for a requested probation revocation, the district court cannot solely rely on the presumptive trustworthiness of that report or the justice court's finding of probable cause in the probationer's new case. Rather, the district court must independently review the evidence to determine whether the probation violation occurred and warrants revocation. In this case, the district court reviewed the preliminary hearing transcript to substantiate the asserted probation violation based on a new criminal offense and was reasonably satisfied that Garcia committed a nontechnical violation of the terms and conditions of probation, warranting revocation. That conclusion does not evince an abuse of discretion. Garcia cross-examined arresting officers at the preliminary hearing, and the only basis for revocation was the new offense that was the subject of the preliminary hearing. Because Garcia was able to actually confront the witness against him, no balancing against the burden of securing additional live testimony from the arresting officers was required.

Moreover, the district court allowed Garcia to brief the confrontation issue and present competing evidence and testimony at the

revocation hearing, and the court considered the preliminary hearing transcript and the totality of the evidence. Garcia therefore was not denied a neutral and detached hearing body. Accordingly, we affirm the district court order revoking Garcia's probation and imposing his suspended sentence.

_Cadish_

Cadish, J.

We concur:

Herndon, C.J.

Pickering, J.

Parraguirre, J.

Bell, J.

Stiglich, J.

Lee, J.